1   FENNEMORE CRAIG, P.C.
    William L. Thorpe (No. 005641)
2   Scott Day Freeman (No. 019784)
    3003 North Central Avenue
3   Suite 2600
    Phoenix, Arizona  85012-2913
4   Telephone: (602) 916-5338
    wthorpe@fclaw.com
5   sfreeman@fclaw.com

6   KUNZ PLITT HYLAND DEMLONG & KLEIFIELD
    Matthew D. Kleifield
7   3838 N. Central Avenue, 15th Floor
    Phoenix, AZ 85012
8   Telephone: (602) 331-3279
    mdk@kunzlegal.com
9
    Attorneys for Defendant
10  Bridgestone Firestone North American Tire,
    LLC
11

12                  UNITED STATES DISTRICT COURT

13                         DISTRICT OF ARIZONA

14  Jonathan M. Walton; Clyde and Reeko          Case No.:  CV05-3027-PHX-ROS
    Walton, parents of Jonathan M. Walton;
15  Nicole Williams, individually and on         **BRIDGESTONE FIRESTONE NORTH
    behalf of K. Walton, a minor child of        AMERICAN TIRE, LLC'S RESPONSE
16  Jonathan M. Walton,                          TO PLAINTIFFS' MOTION IN
                                                 LIMINE RE TESTIMONY OF
17                     Plaintiffs,               "HUMAN FACTORS" EXPERT
                                                 THOMAS BLACK**
18               v.

19  Bridgestone Firestone, Inc., an Ohio
    corporation; Bridgestone Firestone
20  Americas Holding, Inc., a Nevada
    corporation; Bridgestone Firestone North
21  American Tire, LLC; a Delaware limited
    liability company; Sears Roebuck and Co.,
22  an Illinois corporation; Sears Auto Center;
    John Does I-X and Jane Does I-X, ABC
23  Corporations I-X and Xyz Partnerships I-X,

24                     Defendants.

25
          Plaintiffs' Motion *in Limine* regarding the testimony of Firestone expert Thomas
26

Black is nothing more than a poorly disguised *Daubert* motion, filed well beyond the deadline to do so. But even if this Court were to view this motion as a proper motion to exclude or limit testimony, it still fails. Plaintiffs have completely misrepresented the purpose and topics of Black's testimony. Contrary to Plaintiffs' baseless assertion, Black is not testifying as a vehicle dynamicist. Rather, Black has been retained and will testify solely as a human factors expert; that is, an expert on the human-machine interaction. Because of the unique facts of this case, Black's testimony is highly relevant and helpful to the jury.

**A.     Plaintiffs' True Motivation is Their Lack of a Human Factors Expert.**

Plaintiffs' arguments against Black demonstrate that they completely misrepresent Black's role. Firestone's expert, Fay, is the vehicle dynamicist. He will testify to the testing of this vehicle and other vehicles during and after tread separations. He will address the issues of forces, steering demands and the like. Black will testify on the man-machine interface and the role of a driver. It is apparent that Plaintiffs' real agenda here is to exclude Black because they do not have their own responsive expert on human factors issues.

Plaintiffs' expert, Arndt, did not address the human factors issues involved in the subject accident. He agrees that there was opportunity for loss of attention, but he does not know why and cannot testify as to whether it had any effect on the Plaintiff. *See* Arndt deposition, at 80-81, 90, attached as Exhibit C. Black does know this and will testify as to exactly how and why Plaintiff was distracted, and how that contributed to the accident. Arndt can focus only on the alleged tread separation. *See* Arndt deposition, at 83-85, attached as Exhibit C. Black thus fills the gap left by Arndt by looking at the relationship between the vehicle, the environment and the driver.

**B.     Contrary to Plaintiffs' Allegation, Human Factors Testimony is not Naturally Suspicious.**

1      Plaintiffs would like this Court to believe that Black is just some voodoo expert

2  who cannot be trusted and who has nothing valid on which to opine.  That could not be

3  further from the truth.  Black is a proven expert in the field of human factors, having

4  worked and taught in the field for over twenty-five years.  A review of Black's C.V. shows

5  that he spent the bulk of his career studying the human-vehicle interface.  See Black C.V.,

6  attached as Exhibit A.  Black has bachelor's and master's degrees in engineering and a

7  Ph.D. in Human Factors Engineering from Texas A&M University, a recognized science.

8  In fact, Texas A&M is one of the most highly recognized schools for highway traffic

9  safety.  The fact that a Ph.D. is offered in this field is further proof that this goes far

10  beyond the basic understanding of the public in general.  Black has been published and

11  peer-reviewed many times over, and has never been disqualified or limited by a court for

12  any reason.  See Affidavit of Black, attached as Exhibit B.

13      Plaintiffs suggest that a human factors expert is nothing more than a "jack of all

14  trades" who cannot enlighten a jury to something they did not already know.  They

15  attempt to support this contention by citing various cases from across the county – none

16  from Arizona or the 9th Circuit – where human factors experts were prevented from

17  testifying under certain circumstances.  However, none of these cases is remotely similar

18  to the case at bar.  In the cases cited by Plaintiffs, the human factors experts were also

19  opining on whether the product was defective (*Hamilton v. Emerson Electric Company,*

20  133 F. Supp.2d 360 (M.D. Penn. 2001); *Stepney v. Dildy,* 128 F.R.D 77 (USDC Md.

21  1989); and *Nisanov v. Black & Decker Inc.,* 2008 WL 906708 (E.D. NY 2008)) or

22  whether the warnings on a product were sufficient (*Nisanov;* and *Calvit v. Procter &*

23  *Gamble Manuf. Co.,* 207 F. Supp.2d 527 (M.D. La. 2002)).  These courts found the

24  experts either unqualified to opine on defects, or the warnings simple enough for a jury to

25  understand without expert explanation.

26      Black is not offering testimony regarding whether the vehicle at issue in this case

was defective or whether it came with sufficient warnings.  Black's testimony will relate to interaction between Mr. Walton and his vehicle, and whether Mr. Walton's own actions contributed to the accident in this case.  Such testimony would include the effect of Mr. Walton's cell phone use prior to and during the accident, founded upon numerous scientific and peer-reviewed studies on cell phone use while driving.  This information, along with Black's other studies and opinions regarding how humans perceive and operate a motor vehicle which may lead to an accident, is clearly both relevant and would assist the jury in making a determination in this case.

Black is a recognized expert in this field.  In 1999, Black co-authored "Anatomy of Accidents Following Tire Disablements," which was peer-reviewed and then published by the Society of Automotive Engineers.  Black studied the issue of accident causation in events involving tire disablements, including tread separations, and of the human response to those situations.  This paper also reported on a number of studies which concluded that the overwhelming majority of tire disablements do not result in accidents.  Black and his co-author concluded that "because the number of tire disablements follows by accident were so small (not more than 0.06%), a tire disablement by itself could not be considered sufficient cause for an accident."  Black's conclusions, consistent with virtually every paper addressing this issue, state that determining accident causation requires an assessment of environmental factors, vehicle factors and human factors.  One cannot look at the vehicle alone to determine why an accident occurred.

Plaintiffs attempt to discredit Black, with absolutely no evidence or source, by suggesting he referred to and relied upon "unreliable" studies, such as the Baker study. However, Plaintiffs once again misrepresent the facts.  The Baker study was conducted by a number of independent engineers on the Illinois Tollway system.  Clearly this is a high speed study, not low speed as Plaintiffs attempt to argue.  Further, the Baker study relies on case studies, statistics and the results of the engineers own tests.  The information was

all peer-reviewed prior to publication, and the results were all the same – tire disablement alone should not lead to an accident.  Such information has been cited by many experts in various fields because of its reliability and validity.  What Plaintiffs utterly fail to mention is that Baker is one of the most recognized accident causation experts in the industry.  He is universally followed by plaintiff and defense experts alike.

Black has further authorities upon which he relies, such as publications from the National Highway Traffic Safety Administration ("NHTSA"), the National Transportation Safety Board ("NTSB") and the Insurance Institute for Highway Safety.  This is a bizarre attempt to discredit Black's reliance on the very same authorities used by Plaintiffs' experts.  All of Black's sources are peer-reviewed and have been relied upon by the industry for years to establish a methodology for examining the cause of accidents.

**C.    Evidence of Mr. Walton's Cell Phone Use is Highly Relevant and Should be Admitted.**

Plaintiffs also seek to exclude any testimony by Black relating to Plaintiff's use of a cell phone during the course of the accident.  They argue that there are a number of other cases where a plaintiff was not using a cell phone and had an accident, and therefore this information is irrelevant.  However, this argument clearly relies on other accidents that are not substantially similar to the accident at issue here.

Further, and most importantly, Plaintiff's cell phone usage is highly relevant to the cause of the accident and to the issue of his comparative fault.  It cannot be so easily dismissed, as Plaintiffs suggest.  It is Plaintiffs' duty to eliminate all other causes of accident in this case in order to focus solely on the alleged tire failure.  Plaintiffs want this Court to eliminate cell phone use for them, without any support or authority.  This is a burden they have to overcome through the proper channels.

The evidence from Plaintiff Nicole Williams is unequivocal that she and Mr.

1    Walton were on the phone while he was driving at the time of the subject accident and for

2    a long time preceding the accident.  Plaintiffs' expert, Arndt, has admitted that he is not

3    familiar with the studies of cell phone use and accident causation, and that he did not

4    consider that issue in this case.  *See* Arndt deposition, at 60-62, attached as Exhibit C.

5    Further, he acknowledges that a vehicle design defect could have played a role in

6    Plaintiff's loss of control.  *See* Arndt deposition, at 38-39, 84-85, attached as Exhibit C.

7    Clearly the jury will need to consider that the subject vehicle may have had a design

8    defect related to handling which may or may not have played a role in the subject

9    accident, a driver on a cell phone who may or may not have played a role in the subject

10   accident, a vehicle design characteristic related to its steer gradient that may have made

11   control more difficult, and a high center of gravity that also made the subject vehicle more

12   difficult to control in a turn.  Just because Arndt has not and cannot take all of these

13   factors into account when forming his opinions, it should not preclude the defendants

14   from utilizing an expert of Black's caliber and qualifications to fill that gap and provide

15   this necessary evidence.

16        Instinctively, people assume that hands-free cell phones are safer and therefore less

17   distracting for a driver.  In fact, Plaintiffs' counsel asked about this information in Black's

18   deposition.   Science proves this assumption is wrong.   Just as Black testified in his

19   deposition, there are a number of studies that indicate just how distracting a cell phone can

20   be, regardless of whether you use a hands-free device.  Black will be able to educate the

21   jury as to just how dangerous and distracting a cell phone can be while driving.  It goes far

22   beyond "common sense."

23        Black's purpose is to testify about a driver's task – the need for constant small

24   reactions to keep a vehicle moving down a road safely.  When using a cell phone, either

25   with or without a hands-free device, talking on the phone becomes the primary task and

26   the driver stops paying close attention to the vehicle and the road.  Only a human factors

FENNEMORE CRAIG, P.C.

PHOENIX

1  expert can explain to a jury the interaction between a driver, his cell phone, his vehicle,
2  and the road.

3      **D.**    **Plaintiffs Misrepresent Black's Testimony Regarding the Occupant Restraint System.**
4

5      Plaintiffs further seek to exclude Black on the grounds that he is offering occupant
6  restraint testimony, and such testimony goes beyond the scope of his qualifications.  For
7  example, Plaintiffs' argue with absolutely no support that Black's basis for testifying that
8  Mr. Walton was unbelted was the inadmissible opinion of an unqualified police officer.
9  In fact, Plaintiffs' never inquired as to the basis for this opinion of Black's.  In addition to
10 the police report and the officer's testimony, there is the fact that Mr. Walton was ejected.
11 There are also the report and deposition of defense expert Jewkes.

12     Moreover, Plaintiffs' expert, Arndt, claims "occupant restraint" as an area of
13 expertise in his report.  Arndt testified that that he did a seatbelt inspection of the subject
14 vehicle to determine whether Mr. Walton was wearing his seatbelt at the time of the
15 subject accident.  He concluded that there were no loading marks on the seatbelt and,
16 while he would not concede on that basis that Mr. Walton was unbelted, he did admit that
17 there is no physical evidence to support the proposition that Mr. Walton had been wearing
18 the seatbelt.  *See* Arndt deposition, at 7-8, attached as Exhibit C.

19     Plaintiffs once again mischaracterize Black's testimony by throwing out a red
20 herring that he has "independent opinions" regarding seatbelt usage.  Black does not
21 independently opine that Plaintiff was not wearing a seatbelt, but rather recites the facts
22 and testimony from other experts – both plaintiff and defense – for this evidence.  It is no
23 different than Black or any other expert relying on evidence and testimony from others
24 that the road was dry at the time of the accident, since that information must come from
25 the police report and the responding officers.

26

FENNEMORE CRAIG, P.C.
PHOENIX

- 7 -

1    The facts and testimony from others will support Black's opinions as to the state of

2   mind of the driver, which is an extremely important element for a human factors expert to

3   consider.  Human factors experts evaluate the pattern of conduct of risk-taking of a driver,

4   which include whether or not they were speeding, whether or not they were wearing a

5   seatbelt, and whether or not they were using a cell phone while driving.  Therefore Dr.

6   Black will not offer independent opinions on whether Plaintiff was wearing a seatbelt.

7   Instead, he will testify based on the facts and opinions others have advanced in this case

8   regarding the use of a seatbelt and how that, combined with other risk-taking behaviors,

9   contributed to the accident.  Thus, Plaintiffs' request is moot.

10       **E.    Conclusion**

11    Black's testimony is very clearly both relevant and reliable.  Black has both

12  published and relied on a number of well-respected, peer reviewed studies and literature to

13  support his theories in this case.  The circumstances surrounding this accident require

14  expert testimony to help a jury understand the significance of driver inattention during an

15  alleged tread separation.  Contrary to Plaintiffs' blanket allegation, this is more than just

16  "common sense".

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1    Under Federal Rules of Evidence 402 and 403, such testimony is relevant and

2  probative and therefore should be admitted at the trial of this case.

3    RESPECTFULLY submitted this 31st day of October, 2008.

FENNEMORE CRAIG, P.C.

By  s/Scott Day Freeman
    Scott Day Freeman
    Attorneys for Defendant Bridgestone
    Firestone North America Tire, LLC

1

CERTIFICATE OF SERVICE

2

  I hereby certify that on October 31, 2008, I electronically transmitted the attached

3

document to the Clerk's Office using ECF System for filing and transmittal of a Notice of
Electronic Filing to the following ECT registrants:

4

5
  Thomas F. Dasse
  Law Offices of Thomas F. Dasse, P.E.

6
  14646 North Kierland Blvd., Suite 235
  Scottsdale, Arizona 85254
  tdasse@dasselaw.com

7

8
  Martin J. Solomon
  Kevin J. McAlonan
  Solomon and Relihan, PC.

9
  1951 West Camelback Road, Suite 110
  Phoenix, Arizona 85015-3470

10
  dtimmerman@srbfirm.com
  Kevin.mcalonan@azbar.org

11
  Attorneys for Plaintiffs Jonathan M. Walton,
  Clyde Walton, and Reeko Walton

12
  Linda B. Williamson

13
  Lucia Stark Williamson, LLP
  2700 North Central Avenue, Suite

14
  1400 Phoenix, Arizona 85004-1133
  Lbw@lswaz.com

15
  Attorneys for Plaintiffs Nicole Williams and
  Kaysi Walton

16

17
  Anthony J. Hancock
  Beaugureau Zukowski & Hancock, P.C.

18
  302 E. Coronado Rd.
  Phoenix, Arizona 85004-0001

19
  ahancock@bzhlaw.com
  Attorneys for Defendant Sears Roebuck and

20
  Co.

21
  Matthew D. Kleifield
  Kunz Plitt Hyland &

22
  Kleifield 3838 North Central
  Avenue Suite 15

23
  Phoenix, Arizona
  85012

24
  mdk@kunzlegal.com
  Attorneys for Bridgestone Firestone

25
  North American Tire, LLC

26

1    T. Christopher Trent
Johnson, Spalding, Doyle, West & Trent,
2    L.L.P. 919 Milam, Suite 1700
Houston, Texas 77002
3    ctrent@is-llp.com
Attorneys for Bridgestone Firestone
4    North American Tire, LLC

5    Marc R. Brosseau
Kerr Brosseau Bartlett O'Brien, LLC
6    1500 Broadway, Suite 1600
Denver, Colorado  80202
7    mbrosseau@kbbolaw.com
Attorneys for Bridgestone Firestone
8    North American Tire, LLC

9

10                          s/ Scott Day Freeman

11

12

13

14

15    2128063.1

16

17

18

19

20

21

22

23

24

25

26

FENNEMORE CRAIG, P.C.

PHOENIX